Brassard, J.
After hearing and careful review of the helpful papers submitted by the parties, the defendants’ motion to stay mediation and arbitration of issues pending in separate action is denied; further, all parties are ordered to proceed to arbitration.
Plaintiff entered into an agreement with defendants on October 12, 1999 (hereinafter, “the agreement”) to create a mechanism for determining defendants’ obligations with respect to reimbursement for defense costs, including reasonable legal fees, attributable to the defense of Notices of Responsibility (“NOR”) issued by the Massachusetts Department of Environmental Protection (“MDEP”). A dispute concerning whether certain fees submitted by the plaintiff constitute defense costs has arisen, and plaintiff has instituted alternative dispute resolution proceedings, pursuant to the agreement, to resolve the issue. Defendants have asked this court to stay these proceedings because the fees in dispute are outside the scope of the agreement, and because this issue is pending in a separate action in this court.
Defendants have filed a separate declaratory action (docket no. 03-4515 BLS) to determine certain rights and obligations they have under plaintiffs insurance policies, including their obligations with respect to some of the disputed fees. Defendants maintain that these fees, relating to defense of a contribution action brought by a third party, are not attributable to defense of the NOR, while plaintiff contends that the fees incurred will directly affect, and hopefully reduce, its liability with respect to the NOR. The parties disagree as to the scope of the agreement, and whether the *416 mediation and arbitration clause, within the agreement, applies to the dispute at issue. The clause gives all parties the right to invoke mediation and arbitration proceedings “in the event that the [defendants] decline to reimburse a particular submitted cost or expense.” In addition to rights provided by the agreement, plaintiff expressly retained its rights to seek reimbursement through its regular business insurance policies, issued by defendants, where applicable.
DISCUSSION
Defendants put forth several arguments to support their position that the legal fees incurred with respect to the third-party contribution action are not within the scope of the agreement, and thus, should not be subject to mediation and arbitration. First, defendants argue that the agreement explicitly states that it will terminate when the MDEP makes its final and binding determination with respect to plaintiffs liability. However, the argument continues, plaintiff may be, and at this time is, in the midst of litigation with other Potentially Responsible Parties (“PRP’j. Accordingly, defendants argue that, had the parties intended third-party contribution actions to be covered under the agreement, plaintiff would not have agreed to let the agreement terminate upon a final determination of plaintiffs liability by the MDEP. While this result may obtain, it does not follow that costs incurred within the time frame designated by the agreement are not defense costs. Further, the major dispute in this case relates to costs incurred prior to the tender of the defense of the contribution action. Costs incurred after tender of the defense, while in dispute to the extent of their reasonableness, admittedly fall within the general liability policies issued by defendants. Since defendants contend that only fees incurred prior to the tender of a defense are not reimbursable under Massachusetts insurance law, termination of the agreement, after tender of the defense, would not significantly disadvantage plaintiff or defendants, and this court should not speculate as to how the parties could have planned more effectively.
Next, defendants argue that plaintiffs conduct demonstrates its belief that the pre-tender, contribution action fees did not fall within the agreement. In particular, defendant argues that no submissions of invoices related to the third-party action were made until after tender of the defense; thus an inference of plaintiffs understanding that the agreement did not cover contribution action defense costs can be drawn. Plaintiff strongly disputes this inference because it claims that the delay in submissions occurred across the board. No defense cost invoices were submitted at all with respect to defense of the NOR because of an internal communication problem. Thus, plaintiff argues that no inference about the contribution action fees can be made. While plaintiffs conduct may evidence its understanding of the agreement, the reason for the delay in invoice submissions for a period of time is uncertain, and it would be unfair to draw an inference as to its beliefs on this record.
In addition to a lack of invoice submissions,.defendants argue that plaintiffs failure to submit bimonthly status reports .as required by the agreement, with respect to the contribution action activity, demonstrates its understanding that such costs were not reimbursable under the agreement. Again, plaintiff argues that, as a result of the acquisition of its predecessor, there were mis communications regarding responsibility for the status reports, which were inadvertently omitted. Plaintiff had employed a number of law firms to work on matters stemming from the NOR. One law firm, which had been working on the NOR for some time, continued submitting status reports through the period in question. A new firm was employed to work exclusively on the contribution action, and these reports were omitted. Defendants argue that the old law firm knew about the activities of the new firm, and should have included this activity in its reports, while plaintiff argues that the old firm needed only to report on its own activities, and the old firm’s failure to report on the contribution activities of the other firm should not be construed against plaintiff.
While the plaintiffs conduct provides some insight as to the parties’ understanding of the agreement, this court must look to the face of the agreement as well. On its face, it provides that defendants will reimburse reasonable costs attributable to defense of the NOR. The agreement does not define defense costs. On the one hand, defendants argue that the agreement should be construed narrowly, and that if the parties had intended contribution actions to be included, they would have explicitly provided so. On the other hand, plaintiff argues that costs incurred to defend third-party contribution actions could reasonably be considered defense costs, and that the arbitration clause should be construed broadly.
Plaintiff cites the Nashua decision for the proposition that third-party contribution actions could constitute defense costs. Nashua Corp. v. Liberty Mutual Insurance Co., 6 Mass. L. Rptr. No. 20, 433 (1997). While this court is not bound by another Superior Court decision, the plaintiff need not prove, at this juncture, that the fees at issue are defense costs. The precise scope of the agreement is not before this court. Rather, this court must determine only whether the fees in dispute are so far outside the scope of the agreement that neither party could have intended resolution of the issue to fall within the dispute resolution clause.
According to the agreement, “[i]n the event that the [defendants] decline to reimburse a particular submitted cost or expense based on a position that it is not a reasonable Future Defense Cost, because the undertaking of the task or activity at issue is asserted to be unreasonable, because the cost of implementation of *417 the task or activity is asserted to be unreasonable, or for any other reason, [all parties] shall have the right to invoke the dispute resolution provisions of this Paragraph for a determination of [plaintiffs] entitlement to reimbursement ...” This clause gives a mediator/arbitrator the authority to decide whether the costs at issue are attributable to defense of the NOR, and thus, that they are “Future Defense Costs” under the agreement. Despite defendants’ arguments that the disputed fees were never contemplated by the parties, and therefore, are outside the .scope of the agreement to mediate and arbitrate, plaintiff has made a reasonable showing that the fees may constitute defense costs, and that, even if they are ultimately determined not to be defense costs reimbursable under the agreement, that is a decision for the arbitrator. This court should not interfere with that agreement by staying mediation and arbitration proceedings.
Defendants’ reference to M.G.L.A. c. 251, §2(b), which allows a court to stay arbitration proceedings is not applicable in this situation; rather §2(b) applies only when there is no agreement to arbitrate. In this case, plaintiffs position that the arbitration clause applies to the current dispute is the correct interpretation of the dispute resolution provision of the agreement. The Supreme Judicial Court has held that such clauses are afforded a presumption of arbitrability unless clearly not susceptible to an interpretation covering the dispute. Drywall Systems, Inc. v. ZVI Construction Co., Inc., 435 Mass. 664, 667 (2002). This court intimates no suggestion as to whether the disputed fees are reimbursable; that is a determination for the mediator/arbitrator.
Finally, defendants argue that because plaintiff did not raise the arbitration clause as an affirmative defense in its answer to the declaratory action, it is now estopped from making such an argument. This position is without merit because the declaratory judgment action concerns the plaintiffs insurance policies, and not the agreement.
CONCLUSION
Pursuant to M.G.L.A. c. 251, §2(d), “any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefore has been made . . .” Because resolution of the disputed fees is properly within the authority of a mediator/arbitrator, the parties are ordered to proceed to mediation and arbitration, and the declaratoiy action, to the extent it seeks a determination on this issue, is hereby stayed.